AO 91 (Rev. 11/11) Criminal Complaint
FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

FEB 12 2021

MITCHELL R. ELFERS
CLERK

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| | |
|---|---|
| United States of America<br>v.<br><br>Michael PRUDHOMME (born in 1998)<br>*Defendant(s)* | Case No. 21-MJ-210 |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of **7OCT2020** in the county of **Bernalillo** in the
District of **New Mexico**, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(4) | A person who has been adjudicated as a mental defective in possession of a firearm. |

This criminal complaint is based on these facts:
See attached.

☒ Continued on the attached sheet.

*Complainant's signature*

Michael Mostaghni, Special Agent
*Printed name and title*

☐ Sworn to before me and signed in my presence.
☒ Sworn to telephonically and signed electronically.

Date: 12FEB2021

City and state: Albuquerque, New Mexico

*Judge's signature*

B. PAUL BRIONES US MAGISTRATE JUDGE
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Michael Mostaghni, being duly sworn, depose and state:

1. I have been a law enforcement officer for approximately 5 years and am employed as a Special Agent with the Federal Bureau of Investigation (FBI). I am assigned to the Safe Streets Gang Task Force (SSGTF) at the Albuquerque Field Office of the FBI. I primarily investigate gang-criminal enterprises, and drug trafficking organizations involved in unlawful possession of firearms, distribution of controlled substances, racketeering activities, and conspiracies associated with these offenses. I have received on the job training from other experienced agents, detectives, and correctional officers in the investigation of gangs and criminal organizations. My investigative training and experience includes, but is not limited to, interviewing subjects, targets, and witnesses; writing affidavits for and executing search and arrest warrants; managing cooperating sources; collecting evidence; conducting surveillance; and analyzing public records.

2. This affidavit is submitted in support of a criminal complaint charging Michael PRUDHOMME (hereinafter PRUDHOMME), born in 1998, with a violation of 18 U.S.C. § 922(g)(4), a person who has been adjudicated as a mental defective in possession of a firearm.

## BACKGROUND

3. Through conversations with other law enforcement officials and data base checks I am aware that PRUDHOMME was adjudicated as mentally incompetent to stand trial due to mental retardation in the following case:

   a.   D-202-CR-2017-00349: Abuse of a child (see exhibit 1 – incompetence ruling and order).

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

### INVESTIGATION

4. On October 7, 2020 PRUDHOMME sold a firearm he possessed to undercover ("UC") Alcohol Tobacco And Firearms ("ATF") Agents within the District of New Mexico. At approximately 1:09 p.m., PRUDHOMME arrived at a prearranged meeting location accompanied by an associate, Matthew JAMES. PRUDHOMME and JAMES met with ATF UC Agents whereby PRUDHOMME reached into the left-side of his waistband, removed a Sig Sauer, .45 caliber pistol, and handed it to the UC in exchange for $600.00 in US Currency.

### CONCLUSION

5. The firearm is described as a Sig Sauer, .45 caliber pistol. ATF Agents queried the firearm through law enforcement data bases and learned the pistol was reported stolen. ATF Agents further inspected the firearm recovered from PRUDHOMME and determined it met the federal definition of a firearm under 18 U.S.C. § 921. The firearm included the frame and receiver. ATF Agents test fired the firearm and it functioned as designed. Based on conversations with ATF Agents and your affiant's training and experience, the recovered Sig Sauer pistol was manufactured in one of three places: Herndon, VA; Corner, VA; or Exeter, NH, i.e. not in the state of New Mexico therefore establishing that the firearm travelled in, and affected interstate commerce before PRUDHOMME possessed it.

*LEFT INTENTIONALLY BLANK*

AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

6. Based on the above information, there is probable cause to believe that PRUDHOMME has committed a violation of 18 U.S.C. § 922(g)(4), a person who has been adjudicated as a mental defective in possession of a firearm. This Complaint was approved for submission to the Court by AUSA Alexander M.M. Uballez.

Respectfully submitted,

Michael Mostaghni
FBI Special Agent

Subscribed and sworn telephonically on February 12, 2021:

THE HONORABLE B. PAUL BRIONES
UNITED STATES MAGISTRATE JUDGE

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
8/14/2018 4:39 PM
SALVADOR SUAREZ MARTINEZ

STATE OF NEW MEXICO
COUNTY OF BERNALILLO
SECOND JUDICIAL DISTRICT COURT

NO: D-202-CR-2017-349

STATE OF NEW MEXICO,
                Plaintiff,

vs.

MICHAEL WAYNE PRUDHOMME,
                Defendant.

## ORDER FINDING DEFENDANT INCOMPETENT PURSUANT TO N.M.S.A. 1978 § 31-9-1.6 AND NOTIFICATION TO THE DEPARTMENT OF HEALTH

THIS MATTER having come before the Court on the Defendant's Motion to Dismiss for Lack of Competence pursuant to N.M.S.A. 1978 § 31-9-1.6, the Court having heard the arguments of the parties, and having reviewed the evaluation from Dr. Schwartz, hereby FINDS:

1. That Defendant, Michael Wayne Prudhomme (DOB: 04-28-98), is not competent to proceed in this matter.

2. That Defendant, Michael Wayne Prudhomme, is mentally retarded as defined in N.M.S.A. 1978 § 31-9-1.6(E).

3. That there is not a substantial probability that Defendant, Michael Wayne Prudhomme will become competent to proceed in this matter within nine (9) months of the date of the hearing in this matter.

It is, therefore ORDERED:

1. That Notice of this finding be sent to the New Mexico Department of Health as set forth in N.M.S.A. 1978 § 31-9-1.6(B).

2. That the New Mexico Department of Health, within sixty (60) days of their notification of this finding, make arrangements for an evaluation to determine whether Defendant presents a likelihood of serious harm to himself or a likelihood of serious harm to others pursuant to N.M.S.A. 1978 § 31-9-1.6(B).

3. A copy of the evaluation prepared in this matter shall be provided to this Court, Assistant District Attorney Rebekah Reyes, and Defense Attorney Mark Ramsey/ Twila Hoon.

4. Further proceedings in this matter shall be held in abeyance until such dangerousness evaluation is completed.

Hon. Christina P. Argyres
District Court Judge

FILED IN MY OFFICE
SECOND JUDICIAL DISTRICT COURT
BERNALILLO COUNTY, NM
JAMES A. NOEL
8/2/2018 12:33 PM
GUADALUPE MARRUFO

STATE OF NEW MEXICO
BERNALILLO COUNTY
SECOND JUDICIAL DISTRICT COURT

STATE OF NEW MEXICO,

        Plaintiff,

vs.                              No. D-202-CR-2017-00349

MICHAEL WAYNE PRUDHOMME

        Defendant.

### ORDER FINDING DEFENDANT INCOMPETENT TO STAND TRIAL

THIS MATTER having come before the Court on 8-2-18 upon Defendant's Motion and the Defendant being present and represented by Mark Ramsey and the State of New Mexico represented by Rebekah Reyes, Assistant District Attorney, and the Court having heard testimony and the arguments of counsel:

**THE COURT HEREBY FINDS** that the Defendant: (1) is accused of a felony; (2) is presently not competent to proceed in the criminal case ~~nor is he likely to attain to competency in the future~~.

**THE COURT WILL HOLD A SUBSEQUENT HEARING TO ADDRESS DANGEROUSNESS** as defined in NMSA 1978 31-9-1.2(D) and an evidentiary hearing to determine the sufficiency of the evidence pursuant to NMSA 1978 31-9-1.5.

                                                HONORABLE CHRISTINA P. ARGYRES
                                                DISTRICT COURT JUDGE

Submitted and Approved:

Mark A. Ramsey
Attorney for Defendant
P.O. Box 25392, Albuquerque, NM 87125

ADA
Rebekah D. Reyes